Filed 9/12/13

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E056708 |
| v. | (Super.Ct.No. RIF154701) |
| BRIAN MICHAEL ARANDA, | OPINION |
| Defendant and Respondent. | |


APPEAL from the Superior Court of Riverside County. Michele D. Levine and Helios (Joe) Hernandez, Judges. Affirmed and remanded.

Paul E. Zellerbach, District Attorney, and Kelli Catlett, Deputy District Attorney, for Plaintiff and Appellant.

Blumenthal Law Offices, Virginia Blumenthal and Brent F. Romney for Defendant and Respondent.


1

INTRODUCTION

In *Stone v. Superior Court* (1982) 31 Cal.3d 503 (*Stone*), the California Supreme Court held that when a jury indicates that it has unanimously determined that the defendant is not guilty of a greater offense but is deadlocked only on a lesser included offense, the court must afford the jury the opportunity to return a partial verdict of acquittal on the greater offense before the trial court may declare a mistrial. If the court does not do so, the mistrial is deemed to be without legal necessity as to the greater offense, and double jeopardy principles preclude retrying the defendant for that offense. (*Id*. at p. 519.)

Not all states have a partial acquittal rule. In *Blueford v. Arkansas* (2012) 566 U.S. ___ [132 S.Ct. 2044] (*Blueford*), which was decided while this case was pending in the trial court, the United States Supreme Court held that the Fifth Amendment's double jeopardy clause does not mandate such a procedure, and that, in a state which does not have a partial acquittal rule, if the jury deadlocks on a lesser included offense without formally returning a verdict of not guilty on the greater offense, the defendant may be retried on both the greater and lesser offenses. (*Id.*, 132 S.Ct. at pp. 2048-2053.)

The People, the appellants in this case, contend that *Blueford* abrogates *Stone*, because *Stone* based its analysis solely on double jeopardy jurisprudence under the United States Constitution. Defendant contends that *Stone* is based instead on the California Constitution and that *Blueford* consequently does not abrogate the partial verdict rule enunciated in *Stone*.

2

We conclude that *Stone* continues to apply in criminal prosecutions in California state courts until such time as the California Supreme Court holds otherwise.

BACKGROUND

Defendant Brian Michael Aranda was tried on an information which alleged a single count of first degree murder.[1] The jury was instructed on first degree murder and the uncharged lesser included offenses of second degree murder and voluntary manslaughter. The jury was apparently given "guilty" verdict forms for first degree murder, second degree murder and voluntary manslaughter, but only a single "not guilty" verdict form.[2]

On Friday, December 2, 2011, after the court received a report of possible misconduct by one juror—"throwing things" when the juror disagreed with other jurors—and that the jury was possibly deadlocked, the court summoned the jury foreman into the courtroom. The court asked the foreman "how things are going." The foreman replied that the jury was at a stalemate. He stated that the jury had "basically ruled out murder in the first degree" and had "worked down to voluntary manslaughter, but there's still a couple that are still stuck on second degree." He stated that the jury was having "a

---

[1] Because no verdict was returned, the underlying facts were not determined. The trial evidence is in any event not relevant to the issues raised in this appeal.

[2] The clerk's transcript does not contain the unused verdict forms, and neither party cites any portion of the record which makes this explicit. Nevertheless, it is clear that the jury was not given a "not guilty" verdict form for first degree murder.

3

tough time coming to a unanimous decision." The court told the foreman to go back to the jury room and to continue deliberations.

The following Monday, December 5, the foreman sent a request to speak to the court. The foreman stated that there was still one juror who thought that defendant was guilty of second degree murder and two others who were "on the side of voluntary." Nine jurors "are not guilty." The foreman stated that the jury was "kind of at a stalemate." He stated that the jury had gone through all of the evidence, "over and over and over." He reported that some jurors were concerned about Juror No. 10 because Juror No. 10 "knows a lot of Corona police officers" and worked for the city. It was Juror No. 10 who was "pretty much stuck on second degree."

The court asked the foreman to step out into the hallway. After discussion with counsel, the court decided to bring the jury in and "ask them what they can do" to assist the jury, but to have them continue to deliberate for the rest of the afternoon. When the jury came into the courtroom, several jurors asked questions concerning instructions. Juror No. 12 then said that although the jury had been deliberating for six days, they were still "at different ends of the spectrum." Juror No. 12 did not believe that the jury would ever reach a verdict. The court directed the jury to continue deliberations until 3:30 pm. (It was then 2:49 p.m.)

Both before and after the colloquy with the foreman on December 5, 2011, defense counsel asked the court to give the jury a "not guilty" verdict form to allow the jury to state that it had found defendant not guilty of first degree murder, if that was the case. The court refused, saying that doing so after having not originally given the jury

4

"not guilty" verdicts on any of the offenses might give jurors the impression that the court was "directing them as to which way to think."

At 3:30 p.m., the foreman reported that the jury was "still at the same spot," i.e., nine to acquit, two for voluntary manslaughter and one for second degree murder. The court concluded that the jury was hopelessly deadlocked and declared a mistrial. Referring back to her request that the jury be given a "not guilty" verdict form for first degree murder, defense counsel then stated that defendant "should not be able to be tried again on first degree murder" because the jury had indicated that it had acquitted him of that offense.

The defense filed a motion to dismiss the first degree murder charge and the lesser included offenses, asserting "once in jeopardy." The prosecution opposed the motion. After argument, the court[3] held that the trial judge's failure to afford the jury the opportunity to return a not guilty verdict on first degree murder precluded retrial on that offense, but that the trial judge had properly declared a mistrial on the lesser offenses and that retrial on the lesser offenses was permissible. The court subsequently denied the prosecution's motion for reconsideration, which was based on the recently decided case of *Blueford*, *supra*, 132 S.Ct. 2044.

---

[3] The Honorable Helios (Joe) Hernandez presided over the trial. The posttrial motion was heard by the Honorable Michele D. Levine.

5

The prosecution filed a timely notice of appeal.[4]

## LEGAL ANALYSIS

It has long been established that the double jeopardy clause of the Fifth Amendment to the United States Constitution does not permit retrial of a criminal defendant after a mistrial has been declared without the defendant's consent, unless the mistrial resulted from "manifest necessity"—typically, a deadlocked jury which is unable to return a unanimous verdict. (See *Blueford*, *supra*, 132 S.Ct. at pp. 2050, 2053.) The same rule, termed "legal necessity," arises under the California Constitution. (*People v. Fields* (1996) 13 Cal.4th 289, 300 (*Fields*).)

As noted above, in *Stone*, *supra*, 31 Cal.3d 503, the California Supreme Court held that when a jury indicates that it has unanimously determined that a defendant is not guilty of a charged offense but reports that it is deadlocked on an uncharged lesser included offense, the trial court must offer the jury the opportunity to return a verdict of not guilty on the greater offense before it declares a mistrial. "Failure to do so will cause

---

[4] An order granting a motion to dismiss based on a plea of former jeopardy is appealable as long as the motion was granted before a jury has been impaneled in a subsequent proceeding. (*People v. McDougal* (2003) 109 Cal.App.4th 571, 580-581; Pen. Code, § 1238, subd. (a)(8).)

a subsequently declared mistrial to be without legal necessity," with respect to the greater offense, and double jeopardy principles preclude a retrial on that offense.[5]  (*Id.* at p. 519.)

The People contend that *Blueford* implicitly overruled *Stone* because in that case the United States Supreme Court held that the Fifth Amendment does not require that a jury which is deadlocked on a lesser included offense be given the opportunity to return a partial verdict of not guilty on the greater offense.  (*Blueford*, *supra*, 132 S.Ct. at pp. 2050-2053.)  If *Stone* based its rule exclusively on the Fifth Amendment, as the People assert, then its holding was abrogated by *Blueford*.  *Blueford* does not, however, hold that a state may *not* require the opportunity for partial acquittal upon deadlock on a lesser included offense.  Accordingly, if the partial acquittal rule arises independently under the California Constitution, the partial acquittal rule enunciated in *Stone* retains its validity.

The People are correct that the California Supreme Court did not explicitly state in *Stone* that the partial acquittal rule arises independently under the California Constitution. Although the court stated that it remains free to delineate a higher level of protection under article I, section 15 of the California Constitution (*Stone*, *supra*, 31 Cal.3d at p. 510), the court did not state that it *was* delineating a higher level of protection under the California Constitution.  After discussing California authorities involving somewhat

---

**5**  The *Stone* rule does not require the jury to make any formal announcement that it has unanimously decided that the defendant is not guilty of the charged offense. Rather, "some indication of deadlock only on an uncharged lesser included offense" suffices to trigger the trial court's duty to afford the jury the opportunity to return a partial verdict of not guilty on the charged offenses.  (*People v. Marshall* (1996) 13 Cal.4th 799, 826.)

similar but distinguishable scenarios (*id*. at pp. 512-516), the court "turn[ed] to the precise issue here—whether the double jeopardy clause requires formulation of a procedure for the receipt of partial verdicts in [the circumstances present in that case]." (*Id.* at pp. 516-517.)  The court did not specify *which* double jeopardy clause it was relying on.  And, the ensuing discussion leading to the court's holding is based almost entirely on *Green v. United States* (1957) 355 U.S. 184, a Fifth Amendment case.  (*Stone*, at pp. 517-518.)[6]

Nevertheless, the court has made it clear that the legal necessity rule, of which the partial acquittal rule is a part, is a doctrine which arises independently under the California Constitution.  In *Fields*, *supra*, 13 Cal.4th 289, the court addressed the contention that the implied acquittal rule, which applies when a jury returns a guilty verdict on a lesser offense without expressly stating that it is deadlocked on a greater offense, should also apply when a jury reports that it is deadlocked on a greater offense and returns a verdict of guilty on a lesser offense.  (*Id*. at p. 295.)  The court held that the implied acquittal rule arises both under the federal and state Constitutions.  (*Id.* at p. 299.)  Analyzing the defendant's argument first under the federal double jeopardy clause, the

---

[6] In *Blueford*, the court rejected the argument that *Green v. United States*, *supra*, 355 U.S. 184, mandated a finding of implied acquittal.  In *Green*, the court held that when a jury *convicts* a defendant of a lesser included offense and does not return a verdict on the greater offense, acquittal of the greater offense is implied.  That rule does not apply when the jury has deadlocked on a lesser included offense, even if the jury was instructed that it must acquit the defendant of the greater offense before returning a verdict on a lesser included offense.  (*Blueford*, *supra*, 132 S.Ct. at pp. 2050-2052.)  Implied acquittal, however, is distinct from the doctrines of manifest necessity and legal necessity to justify a retrial following jury deadlock.  (*Fields*, *supra*, 13 Cal.4th at pp. 299-300.)

8

court found the rule inapplicable where the jury is "expressly deadlocked, rather than merely silent, on the greater offense." (*Id*. at p. 301) Based on cases where under other circumstances the United States Supreme Court "recognized a distinction, for double jeopardy purposes, between a jury's silence and its expressed inability to return a verdict" (*ibid*.), the court concluded that the federal Constitution "does not compel the conclusion" that the doctrine of implied acquittal applies in every case in which the jury returns a verdict of guilty on the lesser included offense. (*Id*. at pp. 301-302.) Nevertheless, the court held, that does not end the inquiry, because the doctrines of implied acquittal and of manifest necessity/legal necessity "are well established under both the federal and state Constitutions." Accordingly, a different result could obtain under California law. (*Id*. at pp. 302-303.) The court held, however, that there is "nothing in the state decisions suggesting it is any more plausible under California law than under federal law" to apply the doctrine of applied acquittal when the jury has expressly deadlocked on the greater offense. (*Id*. at p. 303.)

This does not directly resolve the question presented here, i.e., whether the *Stone* partial acquittal rule survives *Blueford*. However, because *Fields* makes it abundantly clear that California's Constitution is the independent source of its double jeopardy jurisprudence to the extent that it may provide protection greater than is mandated by the federal Constitution, we conclude that we are compelled to hold that the *Stone* rule arises independently of the federal Constitution and that it retains its validity under the California Constitution until such time as our Supreme Court holds otherwise. We emphasize that in *Blueford*, the court did not hold that a partial acquittal rule is

9

impermissible under the federal Constitution; on the contrary, it held only that such a rule is not *compelled* by the Fifth Amendment. (*Blueford*, *supra*, 132 S.Ct. at pp. 2050-2053.) Because *Blueford* does not mandate the abrogation of *Stone*, we do not believe it is our prerogative to disregard a rule enunciated by the California Supreme Court simply because the court did not explicitly hold that the rule arises under both the state and federal Constitutions. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we hold that *Blueford* abrogates *Stone* only to the extent that *Stone* held that the partial acquittal rule arises under the federal Constitution, and that the partial acquittal rule continues to apply in prosecutions in California state courts.

The remainder of the People's arguments are based on the contention that the trial court should have applied *Blueford* to determine whether the mistrial was properly granted with respect to the charged offense of first degree murder. Accordingly, we need not address them.[7]

---

[7] Because the People do not assert that the trial court erred in finding the mistrial without legal necessity under *Stone*, we need not address the merits of the ruling. Defendant, on the other hand, argues that double jeopardy bars retrial on both the charged offense and the uncharged lesser offenses and asks that we dismiss "all charges." We cannot grant defendant affirmative relief with respect to the uncharged lesser offenses because he has not appealed from that aspect of the trial court's ruling on his motion. (*Estate of Powell* (2000) 83 Cal.App.4th 1434, 1439.) In any event, the trial court correctly concluded that retrial on the lesser included offenses is permissible pursuant to *Stone*.

DISPOSITION

The order granting the motion to dismiss the charge of first degree murder is affirmed. The cause is remanded for further proceedings. The previously ordered stay is lifted.

CERTIFIED FOR PUBLICATION

McKINSTER
Acting P.J.

We concur:

RICHLI
J.

KING
J.

11